UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSHUA WEAVER, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 1:13-cv-427-TWP-TAB |
| ) | |
| MR. ALSIP, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

This matter is before the Court on a Petition for Writ of Habeas Corpus**.** Petitioner Joshua Weaver's ("Mr. Weaver") is serving the executed portion of a sentence imposed by an Indiana state court following his conviction for dealing in cocaine. In the present action, Mr. Weaver challenges the validity of a prison disciplinary proceeding identified as No. ISR 13-02-080.

The pleadings and the expanded record show the following relative to the challenged proceeding:

1. Mr. Weaver was charged with being in possession of two photographs and one homemade greeting card which contained offensive material relating to a security threat group. On February 25, 2013 he was notified of the charge and a hearing was held on February 25, 2013. Mr. Weaver attended the hearing and made a statement concerning the charge. That statement was considered by the hearing officer, along with the other evidence.

2. Mr. Weaver was found guilty of the charged misconduct and was sanctioned with a written reprimand, a 90 day deprivation of earned credit time and a demotion from credit class I to credit class II. His administrative appeal was rejected and the filing of this action followed. It has been fully at issue since June 11, 2013.

3. In order to prevail on his petition, Mr. Weaver must demonstrate that the challenged proceeding caused him to be in custody "in violation . . . ." 28 U.S.C. § 2254(a).

Limited and well-defined due process procedures must be followed before good time may be taken from a prison inmate such as Mr. Weaver,

> Due process requires that prisoners in disciplinary proceedings be given: "(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992); *see also Wolff v. McDonnell,* 418 U.S. 539, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974).

*Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

4.    The claims in Mr. Weaver's habeas petition are as follows: (1) the evidence he requested was not explained to him, and (2) he was not given an opportunity to compare images on the evidence with a source containing known signs, which was a violation of due process and the Disciplinary Code for Adult Offenders handbook.

5.    The conduct report filed against Mr. Weaver includes the following: "On the back of each photograph was writing and abbreviations used by a security threat group known as the Saxon Knights" and "one homemade greeting card and one personal photograph which were also discovered in and confiscated…did have a symbol drawn…which is a symbol known to be used by different White Supremacist Groups."

6.    A federal habeas court Awill overturn the . . . [conduct board≐s] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) *cert. denied,* 115 S. Ct. 314 (1994). Viewing the evidence in the manner most favorable to the hearing officer's decision, the hearing officer found the writings, symbols and images located on the property possessed by Mr. Weaver were known to be associated with established security threat groups. This made him guilty of the offense with which he was charged. Mr. Weaver was

aware of that evidence, and due process did not entitle him to more, including an explanation of the evidence which he would find convincing. *See also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.").

6. Mr. Weaver's second habeas claim is that he was not permitted to compare a prison roster of security threat group symbols and images with those found in his possession and described in the conduct report. This, too, is a claim to a step which is not required by *Wolff* or its progeny.

7. "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Weaver to the relief he seeks. Accordingly, Mr. Weaver's petition for a writ of habeas corpus must be **denied** and the action **dismissed.**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 07/22/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Joshua Weaver
No. 180866
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

All Electronically Registered Counsel